### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HEATHER CROWSON, as parent and next friend of K.C., a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>(1) SHADOW MOUNTAIN BEHAVIORIAL HEALTH SYSTEM, a Foreign For-Profit Business Corporation, and (2) MIKE KISTLER, an Individual,<br><br>    Defendants. | Case No. 25-cv-00443-JFJ<br><br><br><br><br><br>ATTORNEY LIEN CLAIMED |

### COMPLAINT

**COMES NOW** the Plaintiff, Heather Crowson, as Parent and Next friend of K.C., a minor child, by and through her counsel of record, SMOLEN | LAW, PLLC, and for her claims against Defendant Shadow Mountain Behavioral Health System ("Shadow Mountain"), and Defendant Mike Kistler ("Kistler"), alleges and sets forth as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of the State of Massachusetts, residing in Shrewsbury, Massachusetts.

2. Defendant Shadow Mountain was a professional corporation organized and existing under the laws of the State of Delaware with its principal place of business located within Tulsa County, Oklahoma.

3. Defendant Mike Kistler operated, maintained, and/or otherwise controlled Shadow Mountain Behavioral Health System, located at 6262 South Sheridan, in Tulsa, Oklahoma.

4. Defendant Mike Kistler is a citizen of the State of Idaho, residing in Ada County, Idaho, and was an employee of Defendant Shadow Mountain at all times relevant hereto.

5. The acts, omissions, and injuries that are the subject of Plaintiff's claims occurred in Tulsa, Oklahoma.

6. This Court has jurisdiction over the parties and venue is proper in this Court because of the complete diversity of citizenship of the parties hereto, and the sufficiency of the amount in controversy, pursuant to 28 U.S.C. 1332(a)(1).

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

7. Paragraphs 1-6 are incorporated herein by reference.

8. K.C. is a minor child who on or around November 1, 2015, was a patient at the Tulsa, Oklahoma, Shadow Mountain Behavioral Health System location.

9. On or around November 1, 2015, Mike Kistler made inappropriate sexual contact with K.C. while also making inappropriate comments.

10. Plaintiff did not, during either occasion, consent to Mike Kistler's inappropriate conduct or comments.

11. Upon information and belief to be confirmed through discovery, Mike Kistler has a history of sexually assaulting patients, which Shadow Mountain either knew, or reasonably should have known.

12. As a result of these actions, Plaintiff has suffered severe mental, emotional, and physical distress and pain and suffering, humiliation, embarrassment, anxiety, and other damages, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CAUSES OF ACTION

### (AS TO DEFENDANT SHADOW MOUNTAIN BEHAVIORAL HEALTH SYSTEM)

#### I. NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

13. Paragraphs 1-12 are incorporated herein by reference.

14. Defendant Shadow Mountain owed a duty to K.C., and all patients, to properly train and supervise any and all employees and other agents, and to not hire and/or retain employees with a propensity to sexually assault Shadow Mountain patients, such as K.C.

15. Defendant Shadow Mountain additionally had a duty to protect K.C. and all other patients from sexual predators.

16. Upon information and belief to be confirmed through discovery, by hiring and retaining Kistler, and by failing to properly train and supervise Kistler despite possessing notice of his propensity to sexually assault Shadow Mountain patients, Defendant Shadow Mountain breached its duty owed to K.C.

17. This breach of duty was both the actual and proximate cause of K. C.'s injuries.

18. As a result of Defendant Shadow Mountain's negligence, K.C. has suffered severe mental, emotional, and physical distress and pain and suffering, humiliation, embarrassment, anxiety, and other damages, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

### (AS TO BOTH DEFENDANTS)

#### II. NEGLIGENCE

19. Paragraphs 1-18 are incorporated herein by reference.

20. Defendants owed K.C. a duty to provide him with a safe and secure environment while under the care and supervision of Shadow Mountain.

21. Defendants breached this duty by, *inter alia*, failing to adequately monitor K.C. and failing to ensure that no employees and/or agents of Shadow Mountain sexually assaulted K.C. when Defendants either knew, or reasonably should have known, that K.C. was at risk for assault.

22. This breach was the actual and proximate cause of Plaintiff's injuries.

23. As Kistler's employer, Shadow Mountain is vicariously liable for the actions of Kistler under the doctrines of *respondeat superior*.

24. As a result of Defendants' actions, K.C. has suffered severe mental, emotional, and physical distress and pain and suffering, humiliation, embarrassment, anxiety, and other damages, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

### III.    PUNITIVE DAMAGES

25. Paragraphs 1-24 are incorporated herein by reference.

26. The intentional, wanton, and reckless conduct of Defendants in disregard of the health and wellbeing of K.C. and others is, and was, conducted with full knowledge, in that Defendants knew, or should have known, of the severe adverse consequences of their actions to K.C. and others.

27. Defendants' conduct is contrary to acceptable norms of conduct and in contradiction of public policy, thus subjecting Defendants to the imposition of punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, premises considered, Plaintiff prays that this Court grant her the relief requested herein, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) with interest accruing from the date of filing this suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and all other relief this Honorable Court deems just and appropriate.

Respectfully submitted,

SMOLEN | LAW, PLLC

*/s/Donald E. Smolen, II*
Donald E. Smolen, II, OBA #19944
Alan N. Barker, OBA #31935
611 S. Detroit Ave.
Tulsa, Oklahoma  74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
alan@smolen.law
*Attorneys for Plaintiff*